IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARBARA WEAVER,<br><br>    Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA, and<br>HENDERSONVILLE HOSPITAL CORP., d/b/a<br>HENDERSONVILLE MEDICAL CENTER,<br><br>    Defendants. | Civil Action No. 3:10-cv-00438<br><br>Judge Thomas A. Wiseman, Jr. |

**ORDER**

Plaintiff Barbara Weaver originally filed this action in the Circuit Court for Sumner County, Tennessee on March 22, 2010, asserting claims under state law for promissory estoppel, negligence, and breach of fiduciary duty, and seeking as damages the value of an insurance policy insuring Plaintiff's ex-husband Johnny Weaver, deceased. Defendants removed the matter to this Court on May 4, 2010, on the grounds that the policy at issue is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*. ("ERISA"), and that Plaintiff's state-law claims relating to the policy are completely preempted by ERISA.

Now before the Court are three motions: (1) a Motion to Remand filed by Plaintiff (Doc. No. 22); (2) a Motion for Judgment on the Pleadings filed by Defendant Prudential Insurance Company of America ("Prudential) (Doc. No. 32); and (3) a Motion to Dismiss for failure to state a claim filed by Defendant Hendersonville Medical Center (the "Hospital") (Doc. No. 7). The motions have been fully briefed and are ripe for resolution.

For the reasons set forth in the accompanying Memorandum Opinion, the Court finds that subject-matter jurisdiction lies in this Court; Plaintiff's motion to remand is therefore **DENIED**. With respect to Prudential's motion for judgment, the Court finds that Plaintiff's state-law claims are completely preempted by ERISA and should be recast as a claim for benefits under an ERISA plan. Plaintiff has not shown that she can succeed on the merits of her claim against Prudential, however. Prudential's motion

for judgment is therefore **GRANTED**. The Hospital's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Specifically, the claims against the Hospital are likewise preempted by ERISA. The negligence claim, even though recast as a claim for benefits under ERISA, fails for the same reasons as the claim against the hospital. The motion to dismiss that claim will be **GRANTED** and the negligence claim **DISMISSED**. Plaintiff's state-law claim for breach of fiduciary duty is preempted by ERISA but shall be construed as a claim under ERISA for breach of fiduciary duty. As set forth in the accompanying Memorandum Opinion, the Court finds that Plaintiff has successfully stated a claim under ERISA for breach of fiduciary duty; the motion to dismiss is **DENIED** insofar as it seeks dismissal of that claim.

It is so **ORDERED**. The case is remanded back to the magistrate judge for further case management as may be necessary.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge